91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Erwin EYLER, Defendant-Appellant.
 No. 95-36191.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry E. Eyler appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for possession of unregistered machine guns and being a felon in possession of a firearm.
 
 
 3
 Eyler contends that his conviction violated the Double Jeopardy Clause in light of the prior civil forfeiture of his home, computer and collector's bill. This contention is foreclosed by United States v. Ursery, No. 95-345, 1996 WL 340815 (U.S. June 24, 1996).[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Eyler's due process challenge to the civil forfeiture of the house is not cognizable under § 2255, which confers jurisdiction only for challenges to one's conviction or sentence
 
 
 [2]
 Because we affirm the district court's denial of Eyler's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal